IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAROL COOPER and LINDA MCKECHAN

        Plaintiff,

    vs.

NAMEOKI TOWNSHIP and RANDALL
VEISSMAN

       Defendants.

Case No. 14-cv-634-SMY-DGW

MEMORANDUM AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss (Doc. 6).   The Complaint alleges 7 counts against Defendants; Counts I, II, IV, and V under 42 U.S.C. 1983; and Counts III and VI for breach of contract.  (Doc. 2).    The facts pled in the Complaint giving rise to the case at bar state that Plaintiffs were employed by Nameoki Township as administrative assistants and deputy clerks.  After an election held in May, 2013 resulted in Randall Veissman taking the office of township supervisor, both plaintiffs were terminated from their employment with the township because they had associated with one or more of the new officials' political rivals.   Plaintiffs allege that their position were neither political nor confidential. Plaintiffs further allege that there was an employment contract which stated they could only be terminated for cause and that the defendants' actions resulted in a breach of that contract.

In the Motion to Dismiss, the defendants argue that Plaintiffs did hold confidential positions, and, therefore, could be legally terminated.  They further argue that the allegations regarding the existence of a contract are conclusory and that there was no contract in effect as the

document purported to be a contract was a personnel policy.  Additionally, the defendants contend that even if the document was deemed to be a contract, it would be an unenforceable multiyear personnel contract and would be "void ab initio" because it would be for a term greater than the period of time left to serve by the decision-making board. Plaintiffs respond that consideration of whether they held confidential positions is an issue of fact and is not properly considered by the Court prior to the summary judgment stage.  They further assert that their breach of contract claim is not deficient because they are not alleging that there was a term of years contract for employment.  Rather, they allege that they could only be fired for cause.

Courts are reluctant to dismiss a case on technical grounds and prefer to decide cases on their merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  All of the well-pleaded factual allegations contained in the amended complaint must be taken as true and construed in a light most favorable to the plaintiff. *H.J. Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229, 249 (1989). Dismissal for failure to state a claim is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Although the complaint might not contain all of the facts that would be necessary to prove a claim, "a filing under Rule 8 is not supposed to do that." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Instead, the Complaint "should be 'short and plain' and suffices if it notifies the defendant of the principal events." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)).

The defendants rely heavily on *Hobler v. Brueher*, 325 F.3d 1145, 1154 (9th Cir. 2003). In *Hobler*, the Court found in ruling on a Motion for Summary Judgment that support staff did qualify as a confidential employee.  However, the Court also noted that determining if an employee is "confidential" is a mixed issue of law and fact. This is because "[d]etermining the

particular duties of a position is a factual question, while determining whether those duties ultimately make that position a policymaking or confidential question is a question of law." *Id*. at 1150. The Court looked at several facts to determine if the plaintiff qualified as a "confidential" employee including the size of the office, the duties of the plaintiff, the scope of terminations within the office as a whole, whether the employee interacted on behalf of the elected official as opposed to the representatives to others, and whether the employee was the "public face" of the official. In the case at bar, no discovery has taken place and it is impossible for the Court to make a determination regarding the "confidential" nature of Plaintiffs' employment. However, the allegations set forth in Plaintiffs' Complaint are sufficient to state a cause of action. Therefore, the Court denies the defendants' Motion as to Counts I, II, IV, and V.

As to Plaintiffs' breach of contract claims, the Court notes that the Illinois Township Code does not permit township boards to execute employment contracts which extend beyond the board members' terms of office. *Grassini v. DuPage Twp*., 665 N.E.2d 860, 865-66 (1996). Under *Grassini,* there must be read "an implied term into the manual by which a succeeding board could terminate [the plaintiff's] employment in the exercise of its authority under section 100–5 (60 ILCS 1/100–5(a) (West Supp.1996)). 665 N.E.2d at 866. The Court held that:

> Construed as a whole, then, the manual gave Grassini the right to continued employment for the period of the then-sitting board's tenure, during which time she could be fired only for cause after a hearing. Each succeeding board, however, had the option to terminate Grassini's employment at its discretion and could do so without conducting a hearing on the matter.
> Based upon our construction of the manual, Grassini has no cause of action for breach of contract based upon the defendants' decision to fire her without a hearing.

*Grassini*, 665 N.E.2d at 866. Pursuant to *Grassini*, there is no set of facts which can give rise to Plaintiffs' Breach of Contract claims in the case at bar.

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED as to Counts I, II, IV, and V**, and **GRANTED as to Counts III and VI**.

IT IS SO ORDERED.

DATED: November 12, 2014

_/s/_ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**