IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CAROL COOPER, et al.,

        Plaintiffs,

    vs.                          Case No. 14-cv-634-SMY-SCW

NAMEOKI TOWNSHIP, et al.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Doc. 25).  For the following reasons, the Court **DENIES** Plaintiffs' motion.

The case before the Court alleges a violation of Plaintiffs' First Amendment Rights. Specifically, Plaintiffs allege they were terminated from their positions with Nameoki Township because they support Defendant Veissman's opponent in a political campaign.

**Undisputed Facts**

Defendant Veissman, ran for Nameoki Township Supervisor for the election in April of 2013. (Doc. 32, Exs. 1, 2).  Plaintiffs did not support Defendant Veissman in the election, but rather supported Plaintiff McKechan's son-in-law (Doc. 32, Exs. 2, 3).  Plaintiffs testified that they were unhappy with the results of the April 2013 election which Defendant Veissman won. (Doc. 32, Exs. 2, 3).

At the time of the election, Plaintiffs were the only two employees in the supervisor's office, other than an employee who handled general assistance duties. (Doc. 32, Exs. 2, 3). Plaintiff McKechan worked closely and regularly with the supervisor taking care of important duties that were not merely secretarial. (Doc. 32, Ex. 2).  She answered the phones, dealt with the public and acted as the supervisor's representative when dealing with the public. (Doc. 32, Ex.

2).  Her position required a level of trust between her and the supervisor. (Doc. 32, Ex. 2).

Plaintiff Cooper was the supervisor's secretary and worked very closely with the supervisor.

(Doc. 32, Ex. 3).  Plaintiff Cooper also did work for the town clerk. (Doc. 32, Ex. 3).  Plaintiff

Cooper's responsibilities included working with the auditors, preparing reports, paying bills and

handling funds. (Doc. 32, Ex. 3).  Plaintiff Cooper also worked at the front desk, answered

phones and represented the supervisor in dealing with the public. (Doc. 32, Ex. 3).

Defendant Veissman acknowledges that the plaintiffs had performed their jobs in an

acceptable manner (Doc. 32, Ex. 1).  However, he testified that he needed someone in these

positions that he could trust, that would help him manage all the necessary tasks associated with

the supervisor's office, including handling funds, and who would present a positive face to the

public on his behalf. (Doc. 32, Ex. 1).  Defendant Veissman testified that he needed personnel

who could handle many important tasks without his direct oversight and that the situation

required a level of trust between he and the two positions he replaced. (Doc. 32, Ex. 1).

Defendant Veissman notified Plaintiffs they were being terminated 10 days before assuming

office and replaced them with two full-time individuals and a part-time helper. (Doc. 26, Ex. 1).

## Analysis

Summary judgment is appropriate if the record evidence establishes there is no genuine

issue of material fact for trial and defendants are entitled to judgment as a matter of law.FED. R.

CIV. P. 56(a); *Harris v. Warrick County Sheriffs Dep't,* 666 F.3d 444, 447 (7th Cir.2012). All

reasonable inferences are drawn in favor of the non-moving party. *Id.*   Basing employment

decisions on political motivation, with certain narrow exceptions, violates an individual's First

Amendment rights.  *Elrod v. Burns*, 427 U.S. 347 (1976); *Hall v. Babb*, 389 F.3d 758, 762 (7th

Cir. 2004).  One exception to this First Amendment  protection is where "the hiring authority can

demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel*, 445 U.S. 507, 518 (1980).  To establish a prima facie case for this type of employment discrimination, a plaintiff must establish two elements. First, a plaintiff must establish that his or her conduct was constitutionally protected and, second, a plaintiff must establish that "the protected conduct was a substantial or motivating factor in the employment decision." *Id. at 762.*

Defendants admit that plaintiffs' conduct in choosing whom to support in the Nameoki Township election in April of 2013 was constitutionally protected.  Furthermore, Defendant Veissman testified that sharing the same political beliefs was not a necessary aspect of Plaintiffs' positions.  (Doc. 26, Ex. 1).  Accordingly, the first element of Plaintiffs' allegation has been met. However, while Plaintiffs contend the evidence shows, as a matter of law, that political differences were a substantial or motivating factor in their termination, Defendants counter they have established that there were legitimate, non-discriminatory reasons for Plaintiffs' termination.

Plaintiffs assert that the timing of their termination - 10 days prior to Defendant Veissman taking office - shows that their termination was politically motivated.  Further, Plaintiffs argue that Veismann's testimony that he needed people in the office he could trust is also evidence that he wanted political allies working in his office which establishes his political motivation as a matter of law.  However, a jury could also reasonably conclude that, given Plaintiffs' "unhappiness" with Veismann, his stated reasons for the terminations – that he needed people in these positions he could trust and who would present a positive face to the public on his behalf – were legitimate and not motivated by Plaintiffs' protected conduct.  As such, there is

insufficient evidence for the Court to determine, as a matter of law, that Plaintiffs' protected political activity was a substantial or motivating factor in their termination.

Accordingly, Plaintiffs' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** June 16, 2015

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**