IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL COOPER, et al, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-634-SMY-SCW |
| | ) |
| NAMEOKI TOWNSHIP, et al.,, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 32). For the following reasons, the Court **DENIES** Defendants' **M**otion.

Plaintiffs allege that, in violation of their First Amendment rights, they were terminated from their positions with Nameoki Township because they support Defendant Veissman's opponent in a political campaign. Defendant Veissman ran for Nameoki Township Supervisor for the election in April of 2013 (Doc. 32, Exs. 1, 2). Plaintiffs did not support Defendant Veissman in the election, but rather supported Plaintiff McKechan's son-in-law (Doc. 32, Exs. 2, 3). Plaintiffs testified that they were unhappy with the results of the April 2013 election which Defendant Veissman won (Doc. 32, Exs. 2, 3).

At the time of the election, Plaintiffs were the only two employees in the Supervisor's Office, other than an employee who handled general assistant duties (Doc. 32, Exs. 2, 3). Plaintiff McKechan worked closely and regularly with the Supervisor taking care of important duties that were not merely secretarial (Doc. 32, Ex. 2). She answered the phones and acted as

the Supervisor's representative when dealing with the public (Doc. 32, Ex. 2). Her position required a level of trust between her and the Supervisor (Doc. 32, Ex. 2). Plaintiff Cooper was the Supervisor's secretary and also worked very closely with the supervisor (Doc. 32, Ex. 3). She also had job responsibilities which she performed for the town clerk (Doc. 32, Ex. 3). Plaintiff Cooper's responsibilities included working with the auditors, preparing reports, paying bills and handling funds (Doc. 32, Ex. 3). She also worked at the front desk, answered phones and represented the Supervisor in dealing with the public (Doc. 32, Ex. 3).

Defendant Veissman acknowledges that the plaintiffs performed their job duties in an acceptable manner (Doc. 32, Ex. 1). However, he testified that he needed someone in these positions he could trust, that would help him manage all the necessary tasks associated with the Supervisor's Office and who would present a positive face to the public on his behalf (Doc. 32, Ex. 1). Defendant Veissman further testified that he needed personnel who could handle many important tasks without his direct oversight and that the situation required a level of trust between he and the two positions he replaced (Doc. 32, Ex. 1). Defendant Veissman notified Plaintiffs they were being terminated 10 days before assuming office and replaced them with two full-time individuals and a part-time helper (Doc. 26, Ex. 1).

## Analysis

Summary judgment is appropriate if the record evidence establishes there is no genuine issue of material fact for trial and defendants are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Harris v. Warrick County Sheriffs Dep't,* 666 F.3d 444, 447 (7th Cir. 2012). All reasonable inferences are drawn in favor of the non-moving party. *Id.* Basing employment decisions on political motivation, with certain narrow exceptions, violates an individual's First Amendment rights. *Elrod v. Burns*, 427 U.S. 347 (1976); *Hall v. Babb*, 389 F.3d 758, 762 (7th

Cir. 2004). One exception to this First Amendment protection is where "the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel*, 445 U.S. 507, 518 (1980). To establish a *prima facie* case for this type of employment discrimination, a plaintiff must establish two elements. First, a plaintiff must establish that his or her conduct was constitutionally protected and, second, a plaintiff must establish that "the protected conduct was a substantial or motivating factor in the employment decision." *Id.* at 762.

Defendants admit that Plaintiffs' conduct in choosing whom to support in the Nameoki Township election was constitutionally protected conduct. Furthermore, Defendant Veissman testified that sharing the same political beliefs was not a necessary aspect of Plaintiffs' positions (Doc. 26, Ex. 1). Accordingly, the first element of Plaintiffs' prima facie case has been met. However, while Plaintiffs contend the evidence shows, as a matter of law, that political differences were a substantial or motivating factor in their termination, Defendants counter that they have established there were legitimate, non-discriminatory reasons for Plaintiffs' termination.

Plaintiffs assert that the timing of their termination - 10 days prior to Defendant Veissman taking office – shows that their termination was politically motivated. Further, Plaintiffs argue that Veismann's testimony that he needed people in the office he could trust is evidence that he wanted political allies working in his office which also establishes his political motivation. A jury could reasonably draw the same conclusion. However, a jury could also reasonably conclude that, given Plaintiffs' "unhappiness" with Veismann, his stated reasons for the terminations – that he needed people in these positions he could trust and who would present a positive face to the public on his behalf – were legitimate and not motivated by Plaintiffs'

protected conduct.  As such, there is insufficient evidence for the Court to determine, as a matter of law, that Plaintiffs' protected political activity was not a substantial or motivating factor in their termination.

Accordingly, Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 31, 2015**

>**s/ Staci M. Yandle**
>**STACI M. YANDLE**
>**United States District Judge**