## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROL COOPER, et al,**         ) | |
|         ) | |
| **Plaintiff,**         ) | |
|         ) | |
| **vs.**         ) | **Case No. 14-CV-634-SMY-SCW** |
|         ) | |
| **NAMEOKI TOWNSHIP, et al.,,**         ) | |
|         ) | |
| **Defendants.**         ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendants' Motion *in Limine* (Doc. 41) and Plaintiffs' Motion *in Limine* (Doc. 39).  The Court considered the motions during the final pre-trial conference, a transcript of which can be found in the record.

### Defendants' Motions *in Limine*

Plaintiffs have no objections to Defendants' motions *in limine*.  Accordingly, Defendants' Motion is **GRANTED in its entirety**.

### Plaintiffs' Motions *in Limine*

- Motion *in limine* No. 1 – any claim that one or both of the Plaintiffs were paid vacation pay, sick pay, or any other form of compensation to which the Plaintiffs were not entitled. The Motion is **GRANTED**.

- Motion *in limine* No. 2 – any testimony, argument, or reference as to how and when Plaintiffs were paid their final wages, including but not limited to vacation pay, sick pay, or other compensation.  The Motion is **GRANTED**.

- Motion *in limine* No. 3 – any testimony from any individuals others than the individuals identified by Defendants in the Defendants' Rule 26(a)(1) initial disclosures.  To the extent it seeks to exclude testimony to individuals other than those who were identified in the disclosures, the Motion is **DENIED**.  However, regarding Laura Marchetti and Heidi

Oehley – who were never identified by Defendants in their Rule 26 disclosures – their testimony will be limited to the subject areas that were covered in their depositions.

- Motion *in limine* No. 4 – any testimony regarding destruction of signs during the election preceding the termination/refusal to reappoint the Plaintiffs.  The Motion is **DENIED**.

- Motion *in limine* No. 5 – any argument, testimony, or inference that Plaintiffs' employment with the Defendant Township was attributable to either Plaintiffs' job performance.  The Motion is unopposed and, is therefore **GRANTED**.

- Motion *in limine* No. 6 – any claim or testimony from any source that one or both of the Plaintiffs were "unhappy" or "displeased" with the outcome of the Nameoki 2013 elections.  The Motion is **GRANTED**.  However, this does not prohibit Mr. Veesman from testifying as to his perceptions based on his own observations.

- Motion *in limine* No. 7 – any testimony or evidence that Linda McKechan "would not work with Scott Oney."  The Motion is **GRANTED**.  However, this does not prohibit Mr. Veesman from testifying as to his perceptions based on his own observations.

- Motion *in limine* No. 8 – any testimony from Laura Marchetti.  The Motion is **DENIED**.

- Motion *in limine* No. 9 – any testimony, argument, or inference that there is or was any legal reason why any individual employed in the jobs previously performed by either Plaintiff had to be a political ally or political supporter of Randall Veisman.  The Motion is unopposed and, is therefore **GRANTED**.

- Motion *in limine* No. 10 – any speculation that either Plaintiff posted bond for Linda McKechan's son at any time.  The Motion is unopposed and, is therefore **GRANTED**.

- Motion *in limine* No. 11 – any allegation, claim, or assertion of any sort regarding the shredding of documents, shredding of records or similar type claims.  The Motion is **GRANTED**.

- Motion *in limine* No. 12 – any testimony or evidence about the new supervisor having to hand write checks for about the first month in office, and any suggestion, inference or testimony that either plaintiff had disposed of old blank checks.  The Motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  October 2, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

2